**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                          Case No. 8:15-CR-369-T-35TGW

**DENRRY LEESHAO GALEANO HYDE**

_____/

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST FOR A REASONABLE SENTENCE

COMES NOW, the Defendant, DENRRY LEESAHO GALEANO HYDE, by and through undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline. Mr. Hyde moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds in support of this motion, Mr. Hyde states the following:

**I.      MR. HYDE'S BACKGROUND[1]**

Mr. Hyde is a 26 year old native of Honduras. Mr. Hyde grew up in a poverty stricken area of Honduras, and his father struggled to make ends meet. Mr. Hyde's father was a hard worker, and in order to support the family, his father

worked away from home for most of his childhood. During these times, Mr. Hyde took on the role as the protector and provider of the family, and helped his mother care for his younger siblings. Mr. Hyde described his family as loving and supportive, and although his parents stressed the importance of an education, Mr. Hyde only completed school through the age of 12. Before his teenage years, Mr. Hyde went to live with his father in the Cayman Islands, where he assisted his father with fishing, and was thankful that he could help provide financial support to his family in Honduras. As a result of living in the Cayman Islands, Mr. Hyde is fluent in English and Spanish

Mr. Hyde has two daughters and recently had a son, who he has yet to hold in his arms. He feels immense remorse that he is not able to support his children and provide financial support to his family.

Prior to this offense, Mr. Hyde has led a proud and quite life. Mr. Hyde is in good health, and although he drinks occasionally, but has never used illegal drugs. He does not suffer from any mental issues, but since this offense, he is extremely depressed and is suffering from anxiety. Mr. Hyde has no prior convictions; this offense did not involve a weapon or violence, and he states that his involvement was a result of his desire to better his financial situation, so that he could provide

---

[1]Background information is taken from the Presentence Report ("PSR") and interviews with Mr. Hyde.

for his parents, his sister's education and his children.

## II. PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On September 10, 2015, the grand jury in the Middle District of Florida returned indictment charging Mr. Hyde, and a co-defendant in a two-count Indictment – Conspiracy to Possess with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a) and 21 U.S.C. § 960 (b)(1)(B)(ii).

On November 23, 2015, Mr. Hyde pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt on December 11, 2015.

The probation officer correctly calculated Mr. Hyde's advisory guideline range. PSR ¶¶ 21-32 (with the exception of two added levels for "captain"). With an offense level of 33, and a criminal history category I, Mr. Hyde's guideline imprisonment range is **11 years, 3 months – 14 years**.

## III. MINOR ROLE

Mr. Hyde should receive a two-level reduction for minor role. Mr. Hyde's role in this case was simply as a courier of the cocaine. He was not a leader or organizer, and had no proprietary interest in the operation – he was paid only to transport the cocaine.

The seminal Eleventh Circuit case dealing with the determination of a mitigating role reduction pursuant to U.S.S.G. '3B1.2 is *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999). In the *De Varon* case, the Eleventh Circuit established a two-part test for determining whether a defendant qualifies for a minor role reduction. *De Varon*, 175 F.3d at 934. As the Eleventh Circuit noted, "[f]irst, and foremost, the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. § 1B1.3." *Id.* The Eleventh Circuit further stated the second part of the test requires that "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id*.

The guideline involved in the issue of minor role is U.S.S.G. § 3B1.2, the new amendment to it is a more inclusive guideline provision for individuals like Mr. Hyde. The purpose of the mitigating role adjustment is to ensure that a low-level participant in a conspiracy does not receive the same sentence as a high-level participant in a conspiracy. Otherwise, based on the fact that all of the defendants in a conspiracy are held accountable for the total quantity of drugs involved, non-similarly situated defendants would be receiving the same sentence despite the minor role that some of the defendants may have had.

Since, Mr. Hyde is being held for an amount of cocaine that places him at the same offense level as the owners, and those charged with logistics, his role must be compared to all of the other participants of the group of individuals.

In the present case, the factors weigh in favor of Mr. Hyde's minor role status. Factually, Mr. Hyde was paid by others in the conspiracy. Mr. Hyde had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the cocaine. Other factors supporting Mr. Hyde's minor role status include the fact that he did not recruit any other participants, he had little knowledge of the scope of the broader conspiracy, he reported to a larger player in the conspiracy. Distinctly, no one reported to him. Clearly under these facts, Mr. Hyde was less culpable than most of the participants. Specifically, he was less culpable than the loaders, the logistics people, the distributors, the purchaser of the cocaine, the seller of the cocaine or any other unindicted co-conspirators. He was essentially a mule on a boat.

Based on the forgoing argument and legal authority, Mr. Hyde's objections should be granted and he should receive a two-level reduction for minor role. Such a result will be consistent with one of the main goals of the guidelines by insuring that (absent the mandatory ten year sentence ) he does not

receive the same sentence as individuals that are more culpable than him, thus running astray of the guiding goal that similarly-situated defendants should be punished similarly.

IV. **REQUEST FOR A REASONABLE SENTENCE**

Mr. Hyde respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner." 18 U.S.C. § 3553(a)(2).

> **A.** **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Hyde [18 U.S.C. § 3553(a)(1)]**

The history and characteristics of Mr. Hyde, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Hyde is 26 years old, and is just starting out in building on his life and family. Like many others in his country, he was struggling to make ends meet. His involvement in criminal conduct was not motivated by greed, but an attempt to better the lives of his family members. Mr. Hyde was offered a job by an individual he had frequently encountered at the dock. He knew the job involved transporting cocaine when promised a large sum of money for his assistance. Against his better judgment, Mr. Hyde took the job – his desire was to purchase a better house for his mother.

> **B.** **To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]**

Mr. Hyde has accepted responsibility for his actions, and acknowledged that his behavior was wrong. He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat in jail, and had an opportunity to reflect on his actions. Mr. Hyde is already thinking about ways he can make a better life for himself and his family. He is committed to using the

time he is incarcerated to learn a skill. He would also like to learn a trade that will help improve his chances of employment once he is returned to his country. Prisons are good for punishing, and Mr. Hyde understands the need for punishment; however, he is a first time offender, is not a violent and will eventually be returned to his country. For Mr. Hyde, the punitive purpose of sentencing can be achieved with a below-range sentence.

## **CONCLUSION**

After consideration of the factors enumerated in 18 U.S.C.§ 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Hyde requests that a sentence at the statutory minimum is more than reasonable in this case.

DATED this 5th day of April, 2016.

Respectfully submitted,

DONNA LEE LEM
FEDERAL DEFENDER

*/s/ Yvette C. Gray*
Yvette C. Gray
Bar No. 016516 (Arizona)
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813)228-2715

Fax: (813)228-2562
Email: Yvette_Gray@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of April, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Matthew H. Perry, AUSA

*/s/ Yvette C. Gray*
Yvette C. Gray
Assistant Federal Defender